UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RICHARD McLAUGHLIN,
        Plaintiff,

       v.                           CIVIL ACTION NO. 15-10818-ADB

BOSTON RETIREMENT FUND, et al.,
        Defendants.

## MEMORANDUM AND ORDER

BURROUGHS, D.J.

For the reasons set forth below: (1) Plaintiff's motion (#2) for leave to proceed in forma pauperis granted; (2) the Clerk shall issue a summonses for service of the complaint and plaintiff may elect to have service made by the United States Marshal Service; (3) the motion (#3) to appoint counsel is denied without prejudice to renewing after the defendants have filed a responsive pleading to the complaint; (4) the motion (#4) to expedite, treated as a motion for preliminary injunction, is denied without prejudice; and (5) the motion (#5) for hearing is denied without prejudice.

## BACKGROUND

On March 12, 2015, plaintiff Richard McLaughlin ("McLaughlin"), a self-described disabled resident of Weymouth, Massachusetts, filed his pro se complaint, motion to proceed in forma pauperis, motion to expedite, motion for hearing and an affidavit in support of preliminary injunction. See Docket. As best can be gleaned from the lengthy, handwritten complaint, McLaughlin brings this action against the Boston Retirement Board, the City of Boston and the Commonwealth of Massachusetts for incidents surrounding his alleged involuntary retirement

from the Boston Fire Department.[1]  Among other things, he challenges, as unconstitutional and discriminatory, several state laws relating to his retirement.  He seeks equitable and monetary relief including a preliminary injunction for the continuation of his accidental disability retirement benefits as well as the restoration of certain funds plaintiff contends were improperly withheld.

## DISCUSSION

Plaintiff has filed an Application to Proceed in District Court without Prepaying Fees or Costs, seeking leave to proceed in forma pauperis under 28 U.S.C. § 1915(a)(1).  "The federal in forma pauperis statute, codified at 28 U.S.C. § 1915, allows an indigent litigant to commence a civil or criminal action in federal court without paying the administrative costs of proceeding with the lawsuit."  Denton v. Hernandez, 504 U.S. 25, 27, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).  In view of the financial disclosures contained in plaintiff's motion to proceed in forma pauperis, this Court finds that plaintiff lacks sufficient funds to pay the filing fee for this action.

When a party is proceeding in forma pauperis, the court "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  Notwithstanding that McLaughlin may be unable to afford to retain counsel, and notwithstanding any medical issues, the Court cannot adequately evaluate the merits of this case for purposes of considering appointment of counsel until responses are filed by the defendants.

Finally, because plaintiff filed an affidavit in support of preliminary injunction, his

---

[1] Because the docket reflects the Boston Retirement Board as the sole defendant, the Clerk will be directed to add the City and Commonwealth as defendants in this action.

motion to expedite will be treated as a motion for preliminary injunction.[2]  A preliminary injunction is a "potent weapon." Harlan Labs, Inc. v. Campbell,900 F. Supp. 2d 99, 104 (D. Mass. 2012) (citing Charlesbank Equity Fund II v. Blinds To Go, Inc., 370 F.3d 151, 163 (1st Cir.2004)), and the "stringent restrictions" of Rule 65 recognize that "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute."  Granny Goose Foods, Inc. v. Bhd. of Teamsters, 415 U.S. 423, 438–39, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974).

It is well-settled that to obtain the extraordinary remedy of a preliminary injunction, a movant must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Voice of The Arab World v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011); Esso Standard Oil Co. (P.R.) v. Monroig–Zayas, 445 F.3d 13, 18 (1st Cir. 2006) (noting that the "party seeking the preliminary injunction bears the burden of establishing that these four factors weighs in its favor").  A party seeking an ex parte temporary restraining order must allege that his injury or loss is "immediate and irreparable" and will occur before the adverse party or that party's attorney can be heard in opposition to the motion.  Fed. R. Civ. P. 65(b)(1)(A).  Even where a plaintiff makes a showing of "immediate and irreparable" injury, the Court cannot issue a temporary restraining order without notice to the adverse parties unless the plaintiff "certifies in writing any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b)(1)(B).

---

[2]A pro se plaintiff such as McLaughlin is entitled to a liberal reading of his allegations, even when such allegations are inartfully pled. See Haines v. Kerner, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir.2004).

Here, plaintiff has not addressed any of the factors the Court must consider in determining whether injunctive relief is appropriate. Although he filed an affidavit, plaintiff has not certified his efforts to give notice to the defendants in this action. This failure is ground, in and of itself, for denial of the motion. See, e.g., Thompson v. Ramirez, 597 F. Supp. 726, 726 (D. P.R. 1984) (denying temporary restraining order, in part, where there had been no certification to court in writing, of the efforts, if any, of notification to adverse parties). Thus, the Court declines to hold a hearing and will not grant ex parte relief in any form.

ORDER

Based upon the foregoing, it is hereby ORDERED:

1. Plaintiff's motion (#2) for leave to proceed in forma pauperis granted.

2. The Clerk shall add as defendants on the docket both the City of Boston and the Commonwealth of Massachusetts and shall issue summonses for service of the complaint.

3. The Clerk shall send copies of the summonses, the complaint, and this Order to the plaintiff, who must thereafter serve the defendants in accordance with Federal Rule of Civil Procedure 4(m). The plaintiff may elect to have service made by the United States Marshal. If directed by the plaintiff to do so, the United States Marshal shall serve a copy of the summonses, the complaint, and this Order upon the defendants, in the manner directed by the plaintiff, with all costs of service to be advanced by the United States. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 120 days from the date of this Order to complete service.

4. Plaintiff's motion (#3) to appoint counsel is denied without prejudice to renewing after the defendants have filed responsive pleadings to the complaint.

5. Plaintiff's motion (#4) to expedite, treated as a motion for preliminary injunction, is denied without prejudice.

6. Plaintiff's motion (#5) for hearing is denied without prejudice.

SO ORDERED.

| | |
|---|---|
| _March 13, 2015_ | _/s/ Allison D. Burroughs_ |
| DATE | ALLISON D. BURROUGHS |
| | UNITED STATES DISTRICT JUDGE |