UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RICHARD McLAUGHLIN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 15-cv-10818-ADB |
| | * | |
| BOSTON RETIRMENT BOARD, CITY OF | * | |
| BOSTON, AND COMMONWEALTH OF | * | |
| MASSACHUSETTS, | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER**

November 10, 2015

BURROUGHS, D.J.

Plaintiff Richard McLaughlin filed his complaint in this action on March 12, 2015. [ECF No. 1 ("Complt.").] McLaughlin, a retired Boston firefighter, alleges widespread misconduct by the three defendants—the Boston Retirement Board ("Retirement Board"), the City of Boston ("Boston"), and the Commonwealth of Massachusetts (the "Commonwealth")—in connection with his retirement and accidental disability benefit payments. All three defendants have moved to dismiss the complaint, [ECF Nos. 31, 37, & 65], and on October 27, 2015, the Court granted the Commonwealth's motion to dismiss for lack of jurisdiction. [ECF No. 77.] Now before the Court are the Retirement Board and Boston's motions to dismiss. For the foregoing reasons, both motions are GRANTED and all other pending motions in this case are DENIED as MOOT.

**I.     Background**

McLaughlin retired from the Boston Fire Department in 1997 after suffering a broken leg. Complt. ¶¶ 1, 7; McLaughlin v. Contributory Retirement Appeal Bd., Civil Action No.

2012-04354-D, slip op. at 1 (Mass. Super. Jan. 13, 2014).[1] Starting on January 31, 2000, McLaughlin began receiving accidental disability retirement benefits from the Retirement Board, pursuant to Mass. Gen. Law ch. 37, § 7. Contributory Retirement Appeal Bd., slip op. at 1. In January 2009, while still receiving those benefits, a jury convicted McLaughlin of operating under the influence of intoxicating liquor ("OUI") and negligent operation to endanger. See McLaughlin v. MacDonald, No. CIV.A. 11-11587-JLT, 2013 WL 4679604, at *1 (D. Mass. Aug. 29, 2013) (habeas opinion summarizing McLaughlin's previous criminal proceedings). By a subsequent jury-waived trial, the judge found the OUI conviction to be McLaughlin's third such offense and sentenced him to two and a half years of incarceration under Mass. Gen. Laws ch. 90, § 24(1)(a)(1). See id. The Massachusetts Appeals Court affirmed his conviction in 2011 and the Massachusetts Supreme Judicial Court denied further review. Commonwealth v. McLaughlin, 79 Mass. App. Ct. 670, 670 (2011), rev. denied 460 Mass. 1110 (2011). McLaughlin filed two petitions for a Writ of Habeas Corpus, which were both denied. McLaughlin v. Gillen, No. CIV.A. 11-10746-NMG, 2011 WL 2746459 (D. Mass. July 8, 2011); MacDonald, 2013 WL 4679604. He was released on parole on October 4, 2011. See MacDonald, 2013 WL 4679604, at *2-3.

On or about July 15, 2011, the Retirement Board became aware of McLaughlin's incarceration and stopped paying his accidental disability benefit payments. Contributory Retirement Appeal Bd., slip op. at 2. The Retirement Board subsequently entered into an agreement with McLaughlin, in which he agreed to repay the $115,974.30 in benefits he received from January 15, 2009 (when he was first incarcerated) to July 15, 2011 (when the Retirement

---

[1] The Court may consider prior judicial opinions in resolving a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). Giragosian v. Ryan, 547 F.3d 59, 66 (1st Cir. 2008).

2

Board learned he was incarcerated). [ECF No. 83-1, at 4.][2] The Retirement Board acted pursuant

to Mass. Gen. Laws c. 32, § 7(2)(d), which provides that:

> Payments to a member retired under the provisions of this section who is incarcerated for
> having been convicted of a felony committed on or after the effective date of this
> paragraph shall cease for the period of such member's incarceration. Under no
> circumstances shall such payments be recoverable by such member after such period of
> incarceration.

McLaughlin later requested a waiver of repayment and on December 2, 2011, the

Retirement Board held a hearing on McLaughlin's request. [ECF No. 83-1, at 1.] The Hearing

Officer recommended that McLaughlin's request for waiver be denied and in February 2012, the

Retirement Board adopted his recommendation. [ECF No. 83-1, 83-2.] The Hearing Officer

found that "the Legislature has made it abundantly clear through its use of the phrase – 'under no

circumstances' – that it did not want to provide retirement boards with the discretion to award

accidental disability retirement benefits to members while they were incarcerated on account of a

felony conviction." [ECF No. 83-1, at 7.] Accordingly, McLaughlin "could not be relieved of his

obligation to repay benefits received while he was incarcerated on account of Board error, as

there was none." Id. at 6.

McLaughlin appealed the Retirement Board's decision to the Contributory Retirement

Appeals Board ("CRAB"), which assigned the matter to the Division of Administrative Appeals

("DALA"). Contributory Retirement Appeal Bd., slip op., at 2. After both sides filed cross-

motions for a summary decision, the DALA affirmed the Retirement Board's decision to deny

McLaughlin's request for waiver. Id. On October 1, 2012, the CRAB received a letter from

McLaughlin with objections to the DALA decision and a request for additional time to file

---

[2] Under the repayment plan, $568.11 would be deducted from McLoughlin's monthly retirement
allowance for 180 consecutive months following his release. [ECF No. 83-1, at 4.]

documents. Id. The CRAB denied McLaughlin's request and determined that it lacked

jurisdiction to hear an appeal of the DALA decision, since McLauhlin had sent the letter outside

the fifteen-day appeals window. Id. at 3-4 (citing Mass. Gen. Laws. ch. 32, § 16 (4)). In a

January 13, 2014 opinion, the Suffolk County Superior Court affirmed the CRAB's finding that

McLaughlin's appeal was untimely. Id. at 4. Though it did not need to reach the merits of

McLaughlin's claim, the Superior Court noted that even had McLaughlin filed his appeal on

time, he would not have prevailed. There was "no proper basis to overturn the DALA decision,"

since McLaughlin had been incarcerated for a felony conviction, and "the language the

Legislature used is unambiguous that the Plaintiff is not entitled to pay while incarcerated for

having been convicted of a felony." Id. at 4, n. 2.

On March 12, 2015, McLaughlin filed his complaint in this action, seeking $20 million in

damages from the Retirement Board, Boston, and the Commonwealth. Complt. ¶ 84.

McLaughlin's complaint makes wide-ranging allegations against the three defendants regarding

both his retirement from the fire department and his receipt of accidental disability benefit

payments. Among other things, McLaughlin alleges that Boston used coercion to force him to

retire, that Mass. Gen. Laws ch. 32, § 7(2)(d) is unconstitutional, and that the Retirement Board

is liable for defamation, libel, invasion of privacy, and a variety of other torts.

Boston and the Retirement Board both moved to dismiss the complaint under Fed. R.

Civ. P. 12(b)(6) for failure to state a claim. [ECF Nos. 31, 37.] In its motion to dismiss, Boston

argues that it is not a proper party to the lawsuit and that it should not be held responsible for the

conduct of the Retirement Board, an independent political body. [ECF No. 32.] In addition,

Boston asserts that the complaint was filed more than three years after the Retirement Board

voted to adopt the Hearing Officer's recommendation, and therefore McLaughlin's challenges

are time-barred. Id. In turn, the Retirement Board contends that McLaughlin's conclusory allegations are insufficient to survive a motion to dismiss and that, regardless, his claims are time-barred and precluded by *res judicata*. [ECF No. 38.]

## II.   Discussion

### A.  Legal Standard

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"), the Court accepts as true all well-pleaded facts in the light most favorable to the plaintiff and draws all reasonable inferences from those facts in favor of the plaintiff. United States ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 384 (1st Cir. 2011). Although detailed factual allegations are not required to survive a motion to dismiss, "more than labels and conclusions" are required. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action" is not enough. Id. The facts alleged must "raise a right to relief above the speculative level." Id. The plaintiff must "nudge[] [the] claims across the line from conceivable to plausible," or the claims will be dismissed. Id. at 570. "The make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." Sepulveda-Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Twombly, 550 U.S. at 555, 570). The plausibility standard "asks for more than a sheer possibility" of actionable conduct. Id.

In this case, the Court construes McLaughlin's complaint liberally because it was filed pro se. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). "However, pro se status does not insulate a party from complying with procedural and substantive law." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). Dismissal of a pro se complaint is appropriate when the complaint fails

to state an actionable claim. <u>Muller v. Bedford VA Admin. Hosp.</u>, Civ. No. 11-10510, 2013 WL 702766, at *3 (D. Mass. Feb. 25, 2013) (citing <u>Overton v. Torruella</u>, 183 F. Supp. 2d 295, 303 (D. Mass. 2001)).

### B.  Analysis

The bulk of McLaughlin's complaint concerns the Retirement Board's decision to suspend benefit payments while McLaughlin was incarcerated and to deny his request to waive repayment of benefit payments made before the Retirement Board realized he was incarcerated. The Retirement Board's conduct has already been subject to extensive review. McLaughlin's request for waiver has been reviewed by a Retirement Board Hearing Officer, the Contributory Retirement Appeals Board, the Division of Administrative Appeals, and the Suffolk County Superior Court. All agreed that under Mass. Gen. Laws c. 32, § 7(2)(d), McLaughlin was not entitled to accidental disability benefit payments during his incarceration. <u>See, e.g.</u>, <u>Contributory Retirement Appeal Bd.</u>, slip op. at 4, n.2 ("The language the Legislature used is unambiguous that the Plaintiff is not entitled to pay while incarcerated for having been convicted of a felony."). It is not this Court's role to insert itself into this state administrative review process. <u>See</u> Mass Gen. Law. ch. 30A, § 14 (providing that an action seeking judicial review of a state agency decision may be instituted in Massachusetts Superior Court). That being said, since it is not in dispute that McLaughlin was incarcerated for having been convicted of a felony[3], the Court agrees that under Mass. Gen. Laws ch. 32, § 7(2)(d), McLaughlin was not entitled to accidental disability benefit payments while incarcerated.

---

[3] <u>See</u> Mass. Gen. Laws. ch. 274, § 1 ("A crime punishable by death or imprisonment in the state prison is a felony. All other crimes are misdemeanors.")

To the extent McLaughlin challenges the constitutionality of this review process or Mass. Gen. Laws ch. 32, § 7 in general, the Court finds that McLaughlin fails to state an actionable claim. His allegations are, "too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture," and are therefore subject to dismissal. S.E.C. v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010) (citing Twombly, 550 U.S. at 555). Among other things, McLaughlin's allegations include that defendants "have used Mass. Gen. Laws ch. 32, § 7(2)(d) to deny Plaintiff's right to due process," "violated Plaintiff's civil rights by stopping . . . disability retirement benefits without a judge's order," and "violated Plaintiff's rights under equal protection." Complt. ¶¶ 22, 24, 29. These threadbare allegations are insufficient to survive a motion to dismiss. Taking all of McLaughlin's allegations as true, the Court cannot discern a plausible cause of action under the Equal Protection Clause, the Due Process Clause, or any other provision of the federal Constitution. See Splude v. Apfel, 165 F.3d 85, 91 (1st Cir. 1999) (finding no due process or equal protection violation where government recovered "SSI payments to which the claimant was never entitled"); see also Davis v. Coakley, 802 F.3d 128, 134 (1st Cir. 2015) (to establish a due process claim, "the plaintiff must identify a 'legitimate claim of entitlement to the property in question—a claim of entitlement created and defined by existing rules or understandings that stem from an independent source such as state law'") (quoting Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 8 (1st Cir.2005)).

In any event, any claims that either Boston or the Retirement Board's conduct violated McLaughlin's federal Constitutional rights are time-barred. Such claims could potentially be brought under 42 U.S.C. § 1983 (§ 1983), through which "an aggrieved individual may sue persons who, acting under color of state law, abridge rights, immunities, or privileges created by the Constitution or laws of the United States." Johnson v. Rodriguez, 943 F.2d 104, 108 (1st Cir.

1991). § 1983 does not contain a statute of limitations provision, and courts have accordingly been directed to "borrow the forum state's statute of limitations for personal injury actions." Jardin De Las Catalinas Ltd. P'ship v. Joyner, 766 F.3d 127, 133 (1st Cir. 2014). In Massachusetts, the statute of limitations for personal injury actions is three years, and therefore, § 1983 actions must be brought three years from the date on which they accrue. See, e.g., Thomas v. Town of Salisbury, No. CV 14-13726-JGD, 2015 WL 5684074, at *7 (D. Mass. Sept. 28, 2015) ("In Massachusetts, claims brought under § 1983 are subject to a three year statute of limitations.") (citing Nieves v. McSweeney, 241 F.3d 46, 51 (1st Cir. 2001)). McLaughlin retired in 1997, had his disability payments suspended in July 2011, and had his repayment waiver denied in February 2012. Construing his complaint as liberally as possible, the last possible accrual date for McLaughlin's constitutional claims is February 2012, when the Retirement Board adopted the Hearing Officer's recommendation to deny his request for waiver. See Williams v. City of Brockton, 59 F.Supp.3d 228, 240 (D. Mass. 2014) ("[U]nder federal law, 'section 1983 claims accrue when the plaintiff knows, or has reason to know, of the injury on which the action is based.'") (citing Marrero-Gutierrez v. Molina, 491 F.3d 1, 5 (1st Cir. 2007)). McLaughlin filed his complaint on March 12, 2015, more than three years from then, and therefore any claims alleging a violation of McLaughlin's federal Constitutional rights are barred.

McLaughlin's wide-ranging state law claims are likewise time-barred. McLaughlin at time alleges defamation, libel, negligence, fraud, and invasion of privacy against the Retirement Board. Complt. ¶¶ 38, 7, 57, 12.[4] Each of his state law claims is barred by Massachusetts's three

---

[4] The Court cannot discern any state law claims against Boston. In any event, since the allegations against Boston all appear to have taken place in 1997, when McLaughlin retired, any claims that might be levied against Boston are time-barred.

year statute of limitations for torts. Mass. Gen. Laws Ch. 260, § 2A.[5] Again, the last possible

accrual date for these claims was February 2012, more than three years from the date

McLaughlin filed his complaint.

With respect to McLaughlin's defamation claim, the Court acknowledges that the

Retirement Board Hearing Officer's recommended decision contains certain inaccuracies. It

falsely states that McLoughlin sought to waive the repayment of benefits from January 15, 2009

to July 15, 2001; it should have said July 15, 2011. [ECF 61-1, at 4.] Likewise, it incorrectly

notes that McLoughlin had three felony convictions as of January 2009; rather, in January 2009

McLoughlin received a felony conviction for having previously been convicted of three OUIs.

Id. at 5.[6] As an initial matter, the Court notes that these minor inaccuracies were contradicted by

accurate information elsewhere in the decision. On several occasions, the hearing officer stated

the correct period for which repayment was sought [ECF 83-1, at 4-5], and he also correctly

noted that only the third conviction for OUI constituted a felony. Id. at 2-4. As the Massachusetts

Supreme Court has noted, "Context matters in assessing" claims for defamation and, "[t]he court

[must] examine the statement in its totality in the context in which it was uttered or published.

The court must consider all the words used, not merely a particular phrase or sentence."

---

[5] See, e.g., Clorite v. Somerset Access Television, Inc., No. CIV.A. 14-10399-DJC, 2014 WL 6983350, at *5 (D. Mass. Dec. 9, 2014) (claims for defamation are subject to three year statute of limitations); Esserian v. Harvard Univ., No. MICV200500513E, 2005 WL 1476881, at *2 (Mass. Super. May 4, 2005) ("The statute of limitations for libel and defamation is three years."); Errichiello v. Eli Lilly & Co., 618 F. Supp. 484, 486 (D. Mass. 1985) ("The Massachusetts statute of limitations governing negligence actions provides that 'actions of tort . . . shall be commenced only within three years next after the cause of action accrues.'"); Ortiz v. Mass Med. Servs., Inc., No. CIV.A. 12-3326-BLS1, 2013 WL 4017291, at *2 (Mass. Super. Feb. 19, 2013) aff'd, 86 Mass. App. Ct. 1116 (2014) ("Ortiz's claim for invasion of privacy is governed by the three year statute of [sic] limitations for tort actions."); Putnam v. DeRosa, 963 F.2d 480, 486 (1st Cir. 1992) ("[T]he relevant statute of limitations for fraud in Massachusetts is three years.").
[6] This misstatement was immaterial to the Hearing Officer's decision. Under Mass. Gen. Laws ch. 32, § 7(2)(d), only one felony is required to suspend benefit payments.

Rotkiewicz v. Sadowsky, 431 Mass. 748, 752-53 (2000); see also LaChance v. Boston Herald, 78 Mass. App. Ct. 910, 912 (2011) ("Massachusetts law recognizes that a statement is not necessarily false, for purposes of a defamation claim, simply because it contains inaccuracies. . . . [S]ince the law of defamation 'concentrates upon substantial truth,' minor inaccuracies will 'not amount to falsity so long as the substance, the gist, the sting, of the libelous charge be justified.'") (quoting Masson v. New Yorker Magazine, Inc., 501 U.S. 496, 516-517 (1991)). Despite the inaccuracies, the hearing report taken as a whole makes clear the actual facts surrounding McLoughlin's request for waiver. In any event, the defamation claims are time-barred. The statute of limitations for a defamation claim is three years, Mass Gen Laws. Ch. 260, § 4, and the "general rule is that the accrual period begins upon publication of the defamatory statement." Clorite v. Somerset Access Television, Inc., No. CIV.A. 14-10399-DJC, 2014 WL 6983350, at *5 (D. Mass. Dec. 9, 2014). McLoughlin has not alleged that the Hearing Officer's recommended decision was ever published, but even if the Court liberally construes the date the Hearing Officer issued the recommendation (February 3, 2012) as the date of publication, the claim is time-barred. Accordingly, McLaughlin's defamation claim, like his other state law claims, must be dismissed.

## III.    Conclusion

For the foregoing reasons, Boston and the Retirement Board's Motions to Dismiss [ECF No. 31, 37] are GRANTED and the Clerk is directed to enter final judgment dismissing the complaint. The remaining pending motions [ECF Nos. 42, 58, 59, 72, 73, 82, 85, 86] are denied as moot.

**So Ordered.**

Dated: November 10, 2015

/s/ Allison D. Burroughs
Allison D. Burroughs
District Court Judge